UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Timothy Charley, #265146, | ) | C/A No. 6:12-1589-CMC-KFM |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Pamela McDowell; and S. Baker, | ) | |
| Defendants. | ) | |

## Background

This *pro se* Plaintiff, who is incarcerated at the Allendale Correctional Institution, brings a civil action pursuant to 42 U.S.C. § 1983 against two correctional officers who work at the Evans Correctional Institution ("Evans") concerning incidents that allegedly occurred while he was incarcerated there. Compl. 3. Plaintiff alleges McDowell and Baker are postal directors at Evans and they violated his constitutional rights. Compl. 3, 7. Specifically, Plaintiff seems to complain about two different incidents related to his mail. He alleges he wrote a letter to President Barack Obama to report misconduct by the United States Court of Appeals for the Fourth Circuit, but the defendants "intercepted the correspondence, obstructed justice when opening the legal addressed mail to Mr. Barack Obama outside of the Plaintiff's presence." Compl. 4–5. He alleges he received notice that his letter was intercepted, and he spoke with Major West about his "legal mail" being intercepted. Compl. 5. Plaintiff was told by someone that the letter was, in fact, mailed. *Id.* Plaintiff complains that he did not see his letter after it was wrongfully opened by the defendants, and he alleges they obstructed justice "by infringing on confidential legal mail" and committed fraud. *Id.*

Secondly, in attachments to the Complaint, Plaintiff complains of another incident of alleged illegal censoring. He alleges that he contacted the Federal Bureau of Investigation ("FBI") because it appeared that his legal mail was being illegally censored at Evans. Compl. Attach. 1-4. He attached a copy of a March 5, 2012, notice that defendant Baker had intercepted a letter addressed to him from the United States Department of Justice because it contained questionable materials and required further review by the prison Correspondence Review Committee. Compl. Attach. 1-1. He also attached a copy of said letter dated February 24, 2012, and a copy of the envelope that was stamped "approved" by the Correspondence Review Committee on March 30, 201[2]. Compl. Attach. 1-2. The copy of said letter indicates that it is in response to Plaintiff's inquiry to the FBI related to his prison mail, and it appears that Plaintiff's inquiry was not within the responsibility of that agency. *Id.*

Plaintiff seeks damages, and the Complaint and attachments are replete with requests that he be transferred from Evans to Trenton Correctional Institution as it is the closest facility to his home in Aiken, South Carolina. Compl. 5, 7; *see also* Compl. Attach. 1-3, 1-4. Plaintiff further attached copies of a letter from him to the United States Supreme Court and a responsive letter from the Court dated December 21, 2011, wherein it appears that Plaintiff first attempted to file this same lawsuit directly with the United States Supreme Court.[1] Compl. Attach. 1-3. However, the Court returned the papers to Plaintiff. *Id.*

---

[1] The Plaintiff dated the Complaint December 8, 2011, although it was filed in this Court on June 14, 2012. Within the body of the Complaint, Plaintiff states that he is asking "this Honorable Supreme Court" to order that he immediately be transferred to Trenton Correctional Institution. Compl. 5.

Further, Plaintiff alleges he did not file a grievance concerning the claims he is raising in this matter. Compl. 3.

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which

set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although the Court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). *Cf. Skinner v. Switzer*, 131 S.Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory).

Plaintiff's allegation that the defendants wrongfully intercepted his outgoing letter addressed to President Barack Obama and read it prior to mailing it does not state

4

a claim for a constitutional violation. He complains that he did not have the opportunity to see the mail after it had been opened and before it was mailed. If Plaintiff is relying on the First Amendment to allege that his outgoing mail was illegally opened and inspected, he failed to state a claim. Without violating the First Amendment, a prison may open and inspect *outgoing* mail to determine if the content of the mail may be censored. *See Altizer v. Deeds*, 191 F.3d 540, 547–49 (4th Cir. 1999) (explaining that there is a legitimate penological interest in opening and inspecting an inmate's outgoing mail and certain outgoing mail may be censored). Further, although Plaintiff alleges his letter to President Obama was confidential *legal* mail, he does not make any plausible factual allegations that his letter was legal mail such that the Sixth Amendment was implicated, and he does not allege any injury. *See Burnette v. Fahey*, -F.3d-, No. 11-1324, 2012 WL 2695854, at *6 (4th Cir. July 9, 2012) (although a court must accept the truthfulness of factual allegations, it need not accept the truthfulness of bare legal conclusions); *cf. Owens v. Padula*, C/A No. 8:06-3014-GRA-BHH, 2007 WL 2116440, at *10 (D.S.C. July 19, 2007) (noting that the Sixth Amendment may be implicated when an inmate sends a letter to his attorney about a pending criminal case).

      Similarly, Plaintiff's allegations about the defendants intercepting an incoming letter addressed to him from the United States Department of Justice do not state a claim for a constitutional violation. Here, it appears that the letter was intercepted on March 5, 2012, and then approved by the prison Correspondence Review Committee on March 30, 2012, so Plaintiff did receive the letter after it had been opened and reviewed during that time frame. The First Amendment is not violated when a prison opens and inspects

*incoming* mail in the interest of security and to inspect for contraband. *See Bennett v. Georgetown Cnty. Det.*, C/A No. 2:10-762-MBS-RSC, 2010 WL 5866595, at *7 (D.S.C. Nov. 4, 2010), *adopted by*, 2011 WL 723131 (D.S.C. Feb. 23, 2011); *Ray v. Metts*, C/A No. 4:04-23048-TLW-TER, 2009 WL 2983008, at *6–9 (D.S.C. Sept. 14, 2009) (finding the Florence County Detention Center's policy constitutional where all mail to prisoners was opened and inspected for contraband and incoming legal mail was opened in the prisoner's presence).

Moreover, Plaintiff's allegations that defendants obstructed justice and committed fraud may be an attempt to initiate a prosecution for criminal offenses. However, Plaintiff failed to state a claim on which relief may be granted because the law does not permit him to initiate a criminal prosecution. *See Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")).

## Recommendation

Based on the foregoing, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. Plaintiff's attention is directed to the important notice on the next page.

August 3, 2012  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).